SEIDL, J.[1]
¶1 James Gauthier, pro se, appeals a judgment of replevin granted to Fox Valley Finance that permitted it to seize a vehicle Gauthier purchased at a self-storage auction. Gauthier argues that he purchased the vehicle free of Fox Valley's security interest lien, and the circuit court therefore erred in granting judgment for Fox Valley. We disagree and affirm.
¶2 Aaron Gholston purchased a 2010 Chevrolet Malibu from Grand Chute Auto in January 2017. Grand Chute Auto financed the sale and retained a security interest in the Malibu pursuant to a retail installment sale contract. Grand Chute Auto later assigned its security interest in the Malibu to Fox Valley. Fox Valley's security interest lien on the Malibu is listed on the face of the Malibu's certificate of title.
¶3 Gholston stored the Malibu at a self-service storage facility, and apparently he defaulted on payment of the storage fees. In October 2017, Gauthier purchased the Malibu at an auction conducted by the operator of the self-service storage facility. After Gauthier purchased the Malibu, Fox Valley provided notice to Gholston that he defaulted on the retail installment contract by permitting the Malibu to be sold pursuant to a storage facility operator's lien. In December 2017, Fox Valley commenced the instant replevin action, based upon its lien, against Gholston and Gauthier to repossess the Malibu. Gholston stipulated to the entry of a replevin judgment, but Gauthier did not.
¶4 The circuit court held a bench trial and concluded that Gauthier bought the Malibu at the storage auction subject to Fox Valley's security interest lien on the vehicle. The court therefore granted judgment to Fox Valley, and it issued a writ of replevin and a civil search warrant that permitted Outagamie County sheriff's deputies to seize the Malibu from a garage where Gauthier kept the vehicle. Gauthier now appeals the replevin judgment.
¶5 Gauthier first argues the circuit court erred in concluding he was not a "purchaser in good faith" under WIS. STAT . § 704.90(6)(c). He claims he knew nothing about Fox Valley's lien, and, therefore, he acquired the vehicle unencumbered by that lien. The construction of a statute and its application to undisputed facts are questions of law that we determine de novo. Global Steel Prods. Corp. v. Ecklund Carriers, Inc. , 2002 WI App 91, ¶11, 253 Wis. 2d 588, 644 N.W.2d 269. A good faith purchaser is one who takes property without actual or constructive notice of adverse claims. See Carolina Builders Corp. v. Dietzman , 2007 WI App 201, ¶31, 304 Wis. 2d 773, 739 N.W.2d 53. Constructive notice is a policy determination that treats a person as if he or she had actual notice. Bayland Bldgs., Inc. v. Spirit Master Funding VIII, LLC , 2017 WI App 42, ¶5, 377 Wis. 2d 149, 900 N.W.2d 94. Constructive notice occurs when a person would have acquired knowledge of a fact, as well as the liabilities associated with that knowledge, if he or she had exercised a reasonable degree of care. Id.
¶6 Gauthier was not a good faith purchaser because he had constructive notice of Fox Valley's lien on the Malibu. The Wisconsin Department of Transportation (DOT) recognizes valid, perfected security interest liens on a vehicle by noting the secured party on the vehicle's certificate of title, see WIS. STAT . § 342.10(1)(b), and by delivering "the certificate of title to the secured party having the primary perfected security interest in the vehicle," WIS. STAT . § 342.09(1)(b). Fox Valley possessed the Malibu's certificate of title, and the Malibu's certificate of title noted Fox Valley's lien on its face. Thus, as a matter of law, when Gauthier acquired title to the Malibu, he received constructive notice of Fox Valley's security interest in the Malibu.
¶7 Moreover, a reasonably prudent person in Gauthier's position could have learned about Fox Valley's lien on the Malibu prior to purchasing it by requesting to see the Malibu's title. If the Malibu's title was not available to Gauthier before the auction, he could have contacted the DOT to determine if the title was free and clear of all liens. On the record before us, Gauthier did neither. Therefore, the circuit court correctly determined Gauthier was not a good-faith purchaser of the Malibu.
¶8 Gauthier next argues that Fox Valley sued the wrong person, claiming it should have sued the self-storage operator instead. Gauthier claims the operator should have paid Fox Valley's security interest lien. In support of his argument, Gauthier cites WIS. STAT . § 704.90(6)(b), which provides that "[t]he operator [of a self-service storage facility] first shall apply the proceeds of [an auction] to satisfy the lien under sub. (3)(a) ...." We reject his argument for three reasons.
¶9 First, "the lien under sub. (3)(a)" refers to the self-service storage operator's lien on a lessee's property that results from a lessee's failure to pay storage fees. That subsection does not refer to a superior lien of a third party like Fox Valley. Thus, the self-service storage operator had no obligation to pay Fox Valley's lien. Second, while WIS. STAT . § 704.90(3)(a) grants operators of self-service storage facilities a superior lien to any other lien or security interest in a lessee's stored personal property, there are exceptions. The relevant exception here is that operators of self-service storage facilities have an inferior lien to "a security interest in a vehicle perfected under [ WIS. STAT .] ch. 342." See § 704.90(3)(a). The parties do not dispute that Fox Valley properly perfected its security interest lien on the Malibu by obtaining notation of its lien on the face of the Malibu's title. See WIS. STAT . § 342.19. That notation on the title occurred before the self-service storage operator's lien was created. Fox Valley's lien was therefore superior to the self-service storage operator's lien on the Malibu at the time the self-storage operator held its auction and Gauthier made his purchase. In short, Fox Valley did not sue the wrong person.
¶10 Finally, if Gauthier believed the self-service storage operator was the party that should have been sued, he was free to join it in this action and make that claim, which he failed to do. See WIS. STAT . § 802.07.
By the Court. -Judgment affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2) (2017-18). All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.